UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MIGUEL R. ESPANA | CIVIL ACTION NO. 6:11-cv-01443 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| PIONEER WELL SERVICES, L.L.C. AND A&T WELL SERVICE, INC. | BY CONSENT OF THE PARTIES |

## **MEMORANDUM RULING**

Pending before this Court is third-party defendant McAfee Machine, Inc.'s motion for summary judgment. (Rec. Doc. 47). The motion is opposed. The motion was previously set for oral argument on November 27, 2012. The motions were fully briefed, and the undersigned has carefully read the briefs and considered the evidence, the applicable law, and the arguments of the parties. For the reasons fully explained below, the motion is DENIED.

### BACKGROUND

In this lawsuit, the plaintiff Miguel Espana alleges that he was injured on October 19, 2010 while working in the derrick of a barge-mounted workover rig when a tool that was manufactured by third-party defendant McAfee and being used by defendant A&T Well Service to test tubing connections malfunctioned. The plaintiff sued A&T, and A&T in turn sued McAfee.

McAfee now seeks dismissal of the claim asserted against it, arguing that A&T failed to preserve the tool after the incident and that McAfee cannot defend the claim against it without the tool.

## ANALYSIS

**A. THE STANDARD FOR EVALUATING A MOTION FOR SUMMARY JUDGMENT**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.     MCAFEE'S CLAIM LACKS FACTUAL SUPPORT**

Regardless of whether McAfee's claim is analyzed under the Louisiana tort of spoliation of evidence or under the Court's authority to sanction a party for spoiling evidence, proof of intentional spoliation is required. "The Louisiana tort of spoliation of evidence provides a cause of action for an ***intentional*** destruction of evidence carried out for the purpose of depriving an opposing party of its use."[8] Under this

---

[4]     *Id*.

[5]     *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6]     *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7]     *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8]     *Burge v. St. Tammany Parish*, 336 F.3d 363, 374 (5th Cir. 2003) [emphasis added].

Court's sanction authority, "[t]he spoliation of evidence doctrine concerns the *intentional* destruction of evidence. If a party intentionally destroys evidence, the trial court may exercise its discretion to impose sanctions on the responsible party."[9]

Several people who were involved in the operations that were underway at the time of the accident were deposed. None of them had any information concerning the current location of the tool involved in the accident. There is evidence that Hilcorp's company man requested that the tool remain on the barge after the incident, and that it did remain on the barge for a day or two. But there is no evidence concerning what happened to the tool thereafter. More specifically, there is no evidence that A&T had custody of the tool at any time after the incident or that anyone affiliated with A&T took any action to hide, destroy, or dispose of the tool. Similarly, there is no evidence that anyone acting for or on behalf of A&T intentionally hid, destroyed, or disposed of the tool. In reaching this conclusion, the undersigned did not rely upon the report of any expert witness.

The undersigned finds that there are genuine issues of fact whether any evidence was spoiled by A&T, or that any evidence was spoiled intentionally.

---

[9] *Lafayette Insurance Co. v. CMA Dishmachines*, No. Civ.A. 03-1098, 2005 WL 1038495, at *3 (E.D. La. Apr. 26, 2005) [internal citations omitted; emphasis added].

Accordingly, McAfee has not carried its evidentiary burden and consequently is not entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that McAfee's motion for summary judgment (Rec. Doc. 47) is denied; and

IT IS FURTHER ORDERED that oral argument on McAfee's motion, which was previously scheduled for November 27, 2012, is CANCELLED.

Signed at Lafayette, Louisiana on this 21st day of November 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE